UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RACHEL RODRIGUEZ,

                                  Plaintiff,

       -against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; NELDRA M. ZEIGLER, Deputy Commissioner
Office of Equal Employment Opportunity; RAFAEL PINEIRO,
Chief of the Personnel Bureau; DIANA L. PIZZUTI, Deputy
Chief, Commanding Officer of the Police Academy; DR. ELOISE
ARCHIBALD, Director of the Psychological Services Section;
SCOTT T. LOOS, Deputy Inspector Recruit Training School;
LOUIS CARABETTA, Lieutenant Recruit Training School;
ZWEIBEL, Lieutenant Recruit Training School; SALEDINE
PATEL, Sergeant Recruit Training School, individually and in their
official capacities as employees of the Police Department City of New
York,

                                  Defendants.
----------------------------------------------------------------X

05 CV 5117 (JFB)(SMG)

Judge Joseph F. Bianco

**PROPOSED JOINT
PRE-TRIAL ORDER**

**JOSEPH F. BIANCO, U.S. District Judge**

    The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure Rule 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

1. **The full caption of the action.**

RACHEL RODRIGUEZ

    v.

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; NELDRA M. ZEIGLER, Deputy Commissioner
Office of Equal Employment Opportunity; RAFAEL PINEIRO,
Chief of the Personnel Bureau; DIANA L. PIZZUTI, Deputy
Chief, Commanding Officer of the Police Academy; DR. ELOISE
ARCHIBALD, Director of the Psychological Services Section;

SCOTT T. LOOS, Deputy Inspector Recruit Training School;
LOUIS CARABETTA, Lieutenant Recruit Training School;
ZWEIBEL, Lieutenant Recruit Training School; SALEDINE
PATEL, Sergeant Recruit Training School, individually and in their
official capacities as employees of the Police Department City of New
York.

2. **The full names. Addresses (including firm names), and telephone and fax numbers of trial counsel.**

<u>Attorneys for Plaintiff</u>
Eric Sanders (ES0224)
Jeffrey L. Goldberg, P.C.
2001 Marcus Avenue, Suite S160
Lake Success, New York 11042
Telephone: (516) 775-9400
Facsimile: (516) 775-4477
Email: esanders@jlgolbergpc.com

Attorney for Defendants
Michael A. Cardozo
Corporation Counsel of the City of New York
100 Church Street, Rm. 20144
By: Blanche Greenfield (BG3579)
    Assistant Corporation Counsel
Telephone: (212) 788-0872
Facsimile: (212) 788-8877
Email: bgreenfi@law.nyc.gov

3. **A brief statement by plaintiff as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence of absence of subject matter jurisdiction.. Such statements shall include citation to all statutes relief on and relevant as to citizenship and jurisdictional amount.**

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race, color, religion, sex and national origin;
The Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of a person's right to make and enforce contracts under the color of State law; and
The Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

The unlawful employment practices, violations of Plaintiff's civil rights and tortuous acts

2

complained of herein were committed within the Eastern and Southern Districts of New York. The pendent jurisdiction of the federal district court is invoked with respect to the Plaintiff's claims under New York State Executive Law § 296, and New York City Administrative Code §8-502, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the Plaintiff would ordinarily be expected to try them in one judicial proceeding.

**Defendants' Statement of Jurisdiction**

Defendants do not dispute subject matter jurisdiction in this action.

3. **A brief summary by each party of the claims and defenses that party has asserted which remain to be tried without recital of evidentiary matters, but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.**

    **Plaintiff:**

    Plaintiff, a Puerto Rican female has been subjected to an intentional pattern and practice of discrimination in the form of disparate treatment based upon her race, color, national origin and gender and in retaliation for engaging in protected activity which negatively affected the terms and conditions of her employment while assigned to Recruit Training School and resulted in her termination from employment.

    Defendants' CITY; ELOISE M. ARCHIBALD; KAREENA SALADEEN PATEL and PATRICK ZWEIBEL subjected Plaintiff to a hostile work environment in which Plaintiff was subjected to disparate treatment with respect to her internal complaints and Defendants' CITY; ELOISE M. ARCHIBALD; KAREENA SALADEEN PATEL and PATRICK ZWEIBEL'S response to her complaints based upon her race, color, national origin and gender and in retaliation for engaging in protected activity.

    Defendants' CITY; ELOISE M. ARCHIBALD; KAREENA SALADEEN PATEL and PATRICK ZWEIBEL engaged in disparate treatment of Plaintiff based upon her race, color, national origin and gender and in retaliation for engaging in protected activity in that as a result of Defendant CITY'S "Bad Faith" investigations, Plaintiff's duty status was changed from "Full Duty" to "Restricted Duty" and she did not graduate with her academy class.

    Defendants' CITY; ELOISE M. ARCHIBALD; KAREENA SALADEEN PATEL and PATRICK ZWEIBEL'S discriminatory animus and retaliatory actions against Plaintiff negatively affected the terms and conditions of her employment that resulted in her premature termination from employment with Defendant CITY.

    **Defendants:**
    Plaintiff, a former probationary police offer, brings this employment discrimination lawsuit under Title VII, 42 U.S.C. Sections 1981 and 1983, New York State Human Rights law, and the New York City Administrative Code. Plaintiff alleges that she was subjected to a hostile

3

work environment and discriminated against on the basis of her gender, race, color and national origin, and was retaliated against for filing an internal Equal Employment Opportunity ("EEO") discrimination complaint on March 28, 2005.

By decision dated February 11, 2008 this Court granted defendants' summary judgment and dismissed the following claims asserted in the complaint (1) ADA (2) municipal liability against the City (3) Section 1985 conspiracy (4) all claims asserted against the individual defendants in their official capacities and (5) all claims against individual defendants Kelly, Zeigler, Pineiro and Pizzuti.

Plaintiff has voluntarily withdrawn her state law claims of Intentional Infliction of Emotional Distress and Intentional Interference with Contract.

**Defendants' Asserted Defenses**:

1. Defendants assert that all of its employment actions taken with respect to plaintiff were based on legitimate business reasons and were not based on discriminatory or retaliatory animus and therefore not in violation of any City, State or Federal law.

2. Defendants assert that plaintiff cannot establish that the modification of her duty status to restricted duty pending the outcome of her psychological evaluation and that her duties while on restricted duty constituted adverse employment actions.

3. Plaintiff cannot establish an actionable hostile work environment.

4. Defendants have not violated any rights, privileges or immunities of the plaintiff under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof.

5. Any injuries suffered by Plaintiff are a result of her own culpable or negligent conduct.

6. The damages claims asserted in the complaint, are barred, in whole or in part, by the failure to mitigate damages.

7. Plaintiff's claim for front pay is speculative.

5. **A statement by each party as to whether the case is to be tried with our without a jury and the number of trial days needed.**

This case is to be a jury trial. Plaintiff believes that the trial will take 7 full trial days.

4

6. **A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

   The parties have not consented to a trial by a Magistrate Judge.

7. **Any stipulations or agreed statement of fact or law that have been agreed to by all parties.**

8. **A list by each party of witnesses (fact and expert) whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown.**

**Plaintiff's List of Witnesses[1]:**

1. First Deputy Commissioner George A. Grasso is second in command of the Department and will testify about the Department's response to Plaintiff's Motion to

---

[1] Defendants object to the following witnesses identified by plaintiff in her witness list: First Deputy Commissioner George A. Grasso, Deputy Commissioner Neldra Zeigler, Chief of Personnel Rafael Pineiro and Assistant Chief Diana L. Pizzuti on the grounds that they do not have personal knowledge of the facts of this case.

Defendants object to plaintiff's witness Detective Lee Ann Johnson on the grounds of relevance.

Defendants object to plaintiff's witness Agency Attorney Lori Workstel on the grounds of relevance, hearsay and attorney client privilege.

Defendants object to plaintiff's witnesses police officers Joaquin Navarro, Jermaine Webb, Steven Wallace, Nathaniel Miller, former probationary police officer Trevor Stephenson, Richard Mendez, and National Latino Officer's Association President Robert Gonzalez on the grounds that plaintiff did not identify these individuals in either her Rule 26 initial disclosures or in response to defendants' interrogatories.

Defendants object to plaintiff's witnesses police officers Kelvin Liz, Muhammad Mirza, and Joel Medina and former probationary police officers Christopher Santoro on the grounds of relevance.

Defendants object to plaintiff's witness Dr. Robert Daly to the extent that Dr. Daly treated or evaluated plaintiff and plaintiff did not identify Dr. Daly in response to defendants' interrogatory requests and plaintiff did not provide a release for the treating/ evaluating records despite being asked for same in defendants' document request. In the alternative, to the extent that plaintiff seeks to offer Dr. Daly as a expert witness, plaintiff has failed to comply with FRCP 26 (2). [1]

5

Restore her back to Full Duty and its investigative protocols

2. Deputy Commissioner Neldra M. Zeigler is charge of the Office of Equal Employment Opportunity and will testify about the Department's EEO policy and its investigative protocols
3. Chief of Personnel Rafael Pineiro will testify about the Department's protocols to terminate the Plaintiff
4. Former Commanding Officer of the Police Academy Assistant Chief Diana L. Pizzuti was in charge of the Police Academy and will testify about Recruit Operations and its protocols for managing the recruits and her response to Plaintiff's allegations of misconduct and discrimination
5. Defendant ELOISE M. ARCHIBALD will testify about the Department's alleged psychological evaluation of the Plaintiff and her supervision of Former Police Psychologist Level I Dr. Maureen Gerise Creagh-Kaiser
6. Defendant PATRICK ZWEIBEL will testify about his interactions with the Plaintiff and Former Probationary Police Officer Christopher Santoro
7. Defendant KAREENA SALADEEN PATEL will testify about her interactions with the Plaintiff
8. EEO Investigator Detective Lee Ann Johnson will testify about Plaintiff's Case No.: 0073s05 and the investigative steps she followed before this case was administratively closed
9. Agency Attorney Lori Workstel will testify about her preparation of the Department's Position Statement to the United States Equal Employment Opportunity Commission
10. Non-Party Witness Former Police Psychologist Level I Dr. Maureen Gerise Creagh-Kaiser will testify about her alleged psychological evaluations of the Plaintiff
11. Non-Party Witness Dr. Robert Daly will testify about his Independent Medical Examination of the Plaintiff and standard psychological testing protocols in the industry
12. Non-Party Witness JANE DOE, the actress will testify about the ride on the elevator with the Plaintiff, her interactions with the Plaintiff during the EDP Workshop and her interactions with Defendant KAREENA SALADEEN PATEL
13. Non-Party Witness Former Classic Security Officer Magdalena Halliday aka Vincente' will testify that the alleged statements submitted by her to the Department were false and her interactions with Defendant KAREENA SALADEEN PATEL
14. Non-Party Witness Former Police Officer Frances Aquino will testify about the alleged statements she gave to the Department about Plaintiff's conduct during the November 19, 2004, EDP Workshop
15. Non-Party Witness Former Police Officer Sharon C. Moore-Kellman will testify about the alleged statements she gave to the Department about Plaintiff's demeanor post EDP Workshop and her interactions with the Plaintiff
16. Non-Party Witness Former Probationary Police Officer Christopher Santoro will testify about how his de-certification was handled by the Department and his interactions with Defendant PATRICK ZWEIBEL and the Plaintiff
17. Non-Party Witness Police Officer Joaquin Navarro will testify that Plaintiff did not have a panic attack during the EDP Workshop
18. Non-Party Witness Police Officer Jermaine Webb will testify that Plaintiff did not have a panic attack during the EDP Workshop, he was acting as Plaintiff's partner

19. Non-Party Witness Police Officer Kelvin Liz will testify that although he was riding on the elevator with the Plaintiff he does not recall anything and he did not have to assist the Plaintiff inside of the BMW Building 555 West 57th Street
20. Non-Party Witness Police Officer Muhammad Mirza will testify that he nor any other member of his company observed anyone having a panic attack during the EDP Workshop
21. Non-Party Witness Police Officer Joel Medina will testify that he never even heard of Plaintiff having a panic attack until sometime after the EDP Workshop
22. Non-Party Witness National Latino Officer's Association President Robert Gonzalez will testify about Plaintiff's complaints of misidentification and discrimination and the Department's response to those allegations and his conversations with Defendant ELOISE M. ARCHIBALD and other members of the Department
23. Non-Party Witness Sergeant Nancy Rosado will testify about her conversation with the Plaintiff regarding the unfair treatment of minorities in the Department
24. Non-Party Witness Police Officer Richard Mendez will testify about his conversation with the Plaintiff about Defendant KAREENA SALADEEN PATEL
25. Non-Party Witness Police Officer Steven Wallace will testify about his interactions with the Plaintiff
26. Non-Party Witness Lieutenant Kathleen Coyle will testify about the alleged statements she made to OEEO investigators about the Plaintiff
27. Non-Party Witness Lieutenant Daniel Wahlig will testify about his interactions with the Plaintiff telling her not to file any complaints against Defendant PATRICK ZWEIBEL
28. Non-Party Witness Sergeant Moore will testify about his interactions with the Plaintiff and witnessing Lieutenant Daniel Wahlig telling Plaintiff not to file any complaints against Defendant PATRICK ZWEIBEL
29. Non-Party Witness Former Probationary Police Officer Nathaniel Miller will testify about how he, Plaintiff and other minority officers were being treated while on Restricted Duty, the "Clean Team" and Defendant PATRICK ZWEIBEL
30. Non-Party Witness Former Probationary Police Officer Trevor P. Stephenson will testify about how he, Plaintiff and other minority officers were being treated by staff at the Recruit Training School, the "Clean Team" and Recruit Operations
31. Plaintiff
32. Economist Dr. Steven Shapiro will testify about Plaintiff's measure of economic damages

Plaintiff reserves the right to call any of Defendants' CITY; ELOISE M. ARCHIBALD; KAREENA SALADEEN PATEL and PATRICK ZWEIBEL'S proposed witnesses and to call additional witnesses for purposes of rebuttal and/or impeachment.

**Defendants' List of Witnesses:**
Defendants reserve the right to call any and/or all of the persons listed under Plaintiff's List of Witnesses" as witnesses at the time of trial. Defendants object to any additional witnesses plaintiff might seek to call for her case-in-chief which have not been identified above.

9. **A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designation and objections by any other party.**

   Plaintiff's Deposition Designation:

   Defendants' Deposition Designation[2]:

10. (a) A Statement of stipulated facts, if any:
    (b) A schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties that will be offering them. The schedule will also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal. The parties will list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered b any other party. Only exhibits listed will be received in evidence except for good cause shown; and
    (c) All exhibits must be pre-marked for the trial and exchanged with the other parties at least ten days before trial. Where exhibits are voluminous, they should be placed in binders with tabs.

**Statement of Stipulated Facts:**

1. Plaintiff was appointed to the position of Police Officer with the City of New York on or about July 1, 2004 subject to the successful completion of her probationary period.

2. On or about April 15, 2005 plaintiff's probationary employment was terminated.

Plaintiff's Exhibits and Defendants' Objections to Plaintiff's Exhibits[3]

| Exhibit Number | Exhibit Description | Plaintiff's Argument for Admission | Objections |
|---|---|---|---|
| 1 | New York State Education Law, Article 153, Psychology | FRE 201, 702, 704 | FRE 402, 403 |
| 2 | New York State Regulations of the Commissioner of | FRE 201, 702, 704 | FRE 402, 403 |

---

[2] At this time, defendants intend to use depositions as necessary impeachment purposes. Defendants also reserve the right to use in its-case-in-chief the deposition of any witness who is unavailable pursuant to Fed. R. Civ. P. 32(3) and Fed. R. Evid. 804(b)(1).

[3] Defendants reserve the right to introduce any exhibits listed by plaintiff herein. Defendants preserve objections on grounds of foundation for each of the exhibits identified by plaintiff. Defendants object to any attempt by plaintiff to introduce additional exhibits in her case-in-chief, which are not listed herein. Defendants are unable to identify with certainty the documents identified by plaintiff in her exhibits list due to her failure to identify them by bates stamp numbers. Thus, defendants reserve the right to make additional objections when plaintiff furnishes a copy of her pre-marked exhibits. Defendants further objection to plaintiff's characterization of the exhibit descriptions.

| | | | |
|---|---|---|---|
| | Education, Part 72 Psychology | | |
| 3 | New York State Rules of the Board of Regents, Part 29, Unprofessional Conduct | **FRE 201, 702, 704** | **FRE 402, 403** |
| 4 | Police Psychology into the 21st Century, Author: Archibald, E.M. (1995 | **FRE 702, 704, 901(b)(1), 902(6)** | **FRE 402, 403** |
| | | | |
| There is no document number | | | |
| 6 | A copy of a notation allegedly made by an employee assigned to the Psychological Services Section about the Plaintiff | **FRE 803(1), 803 (5), 803(6), 901(b)(1), 1001, 1004, 702, 704** | **FRE 106** |
| 7 | Plaintiff's Independent Medical Examination by Dr. Robert Daley | **FRE 803(1), 803(4), 803(5), 702, 204, 705** | **FRE 402, 403.702, 802, 901** |
| 8 | Plaintiff's Deposition Testimony | | **The parties reserve the right to use deposition transcripts at trial for the purposes of impeachment, unless the witness is unavailable to testify in person as set forth in Fed. R. Civ. P. 32(3) and Fed. R. Evid. 804 (b)(1)** |
| 9 | Defendant ELOISE M. ARCHIBALD'S Deposition Testimony | | **The parties reserve the right to use deposition transcripts at trial for purposes of impeachment, unless the witness is unavailable to** |

| | | | |
|---|---|---|---|
| | | | testify in person as set forth in Fed. R. Civ. P. 32(3) and Fed. R. Evid. 804 (b)(1) |
| 10 | Defendant PATRICK ZWEIBEL'S Deposition Testimony | | The parties reserve the right to use deposition transcripts trial for purposes of impeachment, unless the witness is unavailable to testify in person as set forth in Fed. R. Civ. P. 32(3) and Fed. R. Evid. 804 (b)(1) |
| 11 | Defendant KAREENA SALADEEN PATEL'S Deposition Testimony | | The parties reserve the right to use deposition transcripts at trial for purposes of impeachment, unless the witness is unavailable to testify in person as set forth in Fed. R. Civ. P. 32(3) and Fed. R. Evid. 804 (b)(1) |
| 12 | Video Deposition of Defendant KAREENA SALADEEN PATEL | | The parties reserve the right to use deposition transcripts at trial for purposes of impeachment, unless the witness is unavailable to testify in person as set forth in Fed. R. Civ. P. 32(3) and Fed. R. Evid. 804 (b)(1) |
| 13 | Non-Party Witness Former Police | | The parties reserve the right to use |

10

|  | Description |  | Notes |
|---|---|---|---|
|  | Psychologist Level I Dr. Maureen Gerise CreaghKaiser's Deposition Testimony |  | deposition transcripts at trial for purposes of impeachment, unless the witness is unavailable to testify in person as set forth in Fed. R. Civ. P. 32(3) and Fed. R. Evid. 804 (b)(1) |
| 14 | Non-Party Witness Former Classic Security Officer Magdalena Halliday aka Vincente's Deposition Testimony dated March 20, 2007 and May 31, 2007 |  | The parties reserve the right to use deposition transcripts at trial for purposes of impeachment, unless the witness is unavailable to testify in person as set forth in Fed. R. Civ. P. 32(3) and Fed. R. Evid. 804 (b)(1) |
| 15 | Non-Party Witness Former Classic Security Officer Magdalena Halliday aka Vincente's Deposition Testimony dated March 20, 2007 |  | The parties reserve the right to use deposition transcripts at trial for purposes of impeachment, unless the witness is unavailable to testify in person as set forth in Fed. R. Civ. P. 32(3) and Fed. R. Evid. 804 (b)(1) |
| 16 | Non-Party Witness Police Officer Mohammed Mirza's Deposition Testimony |  | The parties reserve the right to use deposition transcripts at trial for purposes of impeachment, unless the witness is unavailable to testify in person as |

| | | | set forth in Fed. R. Civ. P. 32(3) and Fed. R. Evid. 804 (b)(1) |
|---|---|---|---|
| 17 | Non-Party Witness Police Officer Joel Medina's Deposition Testimony | | **The parties reserve the right to use deposition transcripts at trial for purposes of impeachment, unless the witness is unavailable to testify in person as set forth in Fed. R. Civ. P. 32(3) and Fed. R. Evid. 804 (b)(1)** |
| 18 | Non-Party Witness Police Officer Kelvin Liz's Deposition Testimony | | **The parties reserve the right to use deposition transcripts at trial for purposes of impeachment, unless the witness is unavailable to testify in person as set forth in Fed. R. Civ. P. 32(3) and Fed. R. Evid. 804 (b)(1)** |
| 19 | Handwritten statement dated December 21, 2004, allegedly prepared by Former Classic Security Officer Magdalena Halliday aka Vincente' | **FRE 801 (d)(2), 803(1), 803(5), 803(6), 702, 704** | **FRE 402, 403 802, 901** |
| 20 | UF 49 dated November 19, 2004, allegedly prepared by Defendant KAREENA SALADEEN PATEL | **FRE 801 (d)(2), 803(1), 803(5), 803(6), 702, 704** | **FRE 402, 403, 802, 901** |
| 21 | Handwritten statement dated January 26, 2005, | **FRE 801, 801 (d)(2),** | **FRE 402, 403, 802, 901** |

| | | | |
|---|---|---|---|
| | allegedly prepared by Former Classic Security Officer Magdalena Halliday aka Vincente' | 803(1), 803(5), 702, 704 | |
| 22 | Typed notes dated December 21, 2004, allegedly prepared by Former Police Psychologist Level I Dr. Maureen Gerise Creagh-Kaiser | FRE 801 (d)(2), 803(1), 803(5), 803(6), 702, 704 | FRE 402, 403, 802, 901 |
| 23 | Handwritten note allegedly created by Non-Party Witness Former Police Psychologist Level I Dr. Maureen Gerise Creagh-Kaiser (Latino Officer's Association inquiry) | FRE 801 (d)(2), 803(1), 803(4), 803(5), 803(6), 702, 704 | FRE 402, 403, 802, 901 |
| There is document number 24 | | | |
| 25 | Handwritten notes dated November 26, 2004, allegedly prepared Non-Party Witness Former Police Psychologist Level I Dr. Maureen Gerise Creagh-Kaiser | FRE 801 (d)(2), 803(1), 803(4), 803(5), 803(6), 702, 704 | FRE 106, 402, 403, 802, 901 |
| 26 | Typed reports dated November 26, 2004, allegedly prepared by Non-Party Witness Former Police Psychologist Level I Dr. Maureen Gerise Creagh-Kaiser | FRE 801 (d)(2), 803(1), 803(4), 803(5), 803(6), 702, 704 | FRE 106, 402, 403, 802, 901 |
| 27 | Handwritten notes dated November 26, 2004, allegedly prepared by Defendant ELOISE M. | FRE 801 (d)(2), 803(1), 803(4), 803(5), | FRE 402, 403, 802, 901 |

13

| | | | |
|---|---|---|---|
| | ARCHIBALD | 803(6), 702, 704 | |
| 28 | Handwritten notes dated November 30, 2004, allegedly prepared Non-Party Witness Former Police Psychologist Level I Dr. Maureen Gerise Creagh-Kaiser | FRE 801 (d)(2), 803(1),803(4), 803(5), 803(6), 702, 704 | FRE 402, 403, 802, 901 |
| 29 | UF 49 dated December 6, 2004, allegedly prepared by Defendant KAREENA SALADEEN PATEL'S former subordinate Retired Police Officer Frances Aquino | FRE 801 (d)(2), 803(1),803(4), 803(5), 803(6), 702, 704 | FRE 402, 403, 802, 901 |
| 30 | Typed notes dated January 14, 2005, and January 19, 2005, allegedly prepared by Non-Party Witness Former Police Psychologist Level One Dr. Maureen Gerise Creagh-Kaiser | FRE 801 (d)(2), 803(1),803(4), 803(5), 803(6), 702, 704 | FRE 106, 402, 403, 802, 901 |
| 31 | Handwritten notes dated December 3, 2004, allegedly prepared Non-Party Witness Former Police Psychologist Level I Dr. Maureen Gerise Creagh-Kaiser | FRE 801 (d)(2), 803(1),803(4), 803(5), 803(6), 702, 704 | FRE 106, 402, 403, 802, 901 |
| 32 | Handwritten notes dated December 16, 2004, allegedly prepared Non-Party Witness Former Police Psychologist Level I Dr. Maureen Gerise Creagh-Kaiser | FRE 801 (d)(2), 803(1),803(4), 803(5), 803(6), 702, 704 | FRE 106, 402, 403, 802, 901 |
| 33 | Handwritten notes dated December 17, 2004, allegedly | FRE 801 (d)(2), | FRE 1066, 402, 403, 802, 901 |

|  |  |  |  |
|---|---|---|---|
|  | prepared Non-Party Witness Former Police Psychologist Level I Dr. Maureen Gerise Creagh-Kaiser | 803(1),803(4), 803(5), 803(6), 702, 704 |  |
| 34 | Handwritten notes dated December 21, 2004, allegedly prepared Non-Party Witness Former Police Psychologist Level I Dr. Maureen Gerise Creagh-Kaiser | FRE 801 (d)(2), 803(1),803(4), 803(5), 803(6), 702, 704 | FRE 106, 402, 403, 802, 901 |
| 35 | Psychological Evaluation of Plaintiff dated February 7, 2005 allegedly prepared by Non-Party Witness Former Psychologist Level 1 Dr. Maureen Gerise Creagh-Kaiser | FRE 801 (d)(2), 803(1),803(4), 803(5), 803(6), 702, 704 | FRE 402, 403, 802, 901 |
| 36 | EEO Worksheet allegedly prepared by EEO Investigator Detective Lee Ann Johnson | FRE 801 (d)(2), 803(6), 702, 704 | FRE 106, 402, 403, 802, 901 |
| 37 | EEO Worksheet allegedly prepared by EEO Investigator Detective Jennifer Molinari | FRE 801 (d)(2), 803(6), 702, 704 | FRE 106, 402, 403, 802, 901 |
| 38 | EEOC Position Statement dated July 27, 2005, allegedly created and filed by Defendant CITY in response to Plaintiff's Charge of Discrimination | FRE 801 (d)(2), 803(6), 702, 704 | FRE 106, 402, 403, 802, 901 |
| 39 | Defendant CITY'S Termination Letter to Plaintiff dated April 15, 2005 | FRE 801 (d)(2), 803(6), 702, 704 | FRE 402 |
| 40 | Plaintiff's Certificate of Domestic Preparedness for Weapons of Mass | FRE 801 (d)(2), | FRE 402, 403, 802, |

|   |   |   |   |
|---|---|---|---|
|   | Response Training dated October 13, 2004 | 803(6), |   |
| There is no document number 41 |   |   |   |
| 42 | Recruit Deportment Card with Drivers Training Note on the rear dated December 13, 2004 | FRE, 803(1), 803(5), 803(6) | FRE 402, 403, 802, 901 |
| 43 | Plaintiff's Activity Logs | FRE 803(1),803(5), 803(6). | FRE 106, 402, 403, 802, 901 |
| There is no document number 44 |   |   |   |
| 45 | UF 49 dated December 6, 2004, allegedly prepared by Defendant KAREENA SALADEEN PATEL | FRE 801 (d)(2), 803(1), 803(6), 702, 704 | FRE 402, 403, 802, 901 |
| There is no document number 46 |   |   |   |
| 47 | Blueprints and Excel Spreadsheets prepared by Plaintiff upon the orders of Defendant PATRICK ZWEIBEL | FRE 801 (d)(2), 803(1), 803(5), 803(6) | FRE 106, 402, 403, 802, 901 |
| 48 | Motion to Restore Plaintiff back to Full Duty sent to First Deputy Commissioner George A. Grasso dated December 27, | FRE 803(1), 803(3), 803(5), 803(6). | FRE 106, 402, 403, 802, 901 |

| | | | |
|---|---|---|---|
| | 2004 | | |
| 49 | Psychological Evaluation of Plaintiff dated March 8, 2005, allegedly prepared by Non-Party Witness Former Psychologist Level I Dr. Maureen Gerise Creagh- Kaiser | FRE 801 (d)(2), 803(1),803(4), 803(5), 803(6), 702, 704 | FRE 106, 402, 403, 802, 901 |
| 50 | Copy of Plaintiff's Company Roster with not about using mask during the Funhouse exercise | FRE 803(1), 803(3), 803(5). | FRE 402, 403, 802, 901 |
| There is no document number 51 | | | |
| 52 | De-certification of Former Probationary Police Officer Christopher Santora | FRE 803(6),801 (d)(2) | FRE 106, 402, 403, 802, 901 |
| 53 | Plaintiff's EEO Complaint dated March 28, 2005 | FRE 801 (d)(2), 803(1),803(3), 803(5), | FRE 106, 402, |
| 54 | Recruit Training School Holds | | FRE 106, 402, 403, 802, 901 |
| | | | |

Defendants' Exhibit List:

| Ex. No. | Exhibit Description | | Objection |
|---|---|---|---|
| A | Affidavit of Plaintiff Rachel Rodriguez dated October 27, 2007 | | |
| B | Plaintiff's memobook entries bates stamped 000089-000297 | | |
| C | Arbitration Award- A 57470-94 dated November 28, 2995 (bates stamped sp 0013-0021 | | FRE 402, 403 |

17

| | | | |
|---|---|---|---|
| D | Plaintiff's May 17, 2005 charge of discrimination | | |
| E | Plaintiff's Complaint | | |
| F | Typed notes dated January 14, 2005 bates stamped PS0226 | | |
| G | Handwritten notes dated January 4, 2005 Bates stamped PS0230 | | |

Dated: June  , 2008
      Lake Success, N.Y.

By: _____
Blanche Greenfield
Assistant Corporation Counsel
Attorney for the Defendants
New York City Law Department
100 Church Street, Room 2-142
New York, N.Y. 10007
212-788-0872 (Business Phone)
Fax: 212-788-8877
esanders@jlgoldbergpc.com

By: _____
Eric Sanders (ES0224)
Jeffrey L. Goldberg, P.C.
Attorneys for Plaintiff
2001 Marcus Avenue, Suite S160
Lake Success, New York 11042
516-775-9400 (Business Phone)
516-775-4477 (Facsimile)
Email:

http://www.jlgoldbergpc.com
http://www.nycivilservicepensions.com